IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**COREY JAVON FIELDS,**
**D.O.C. # A-119760,**

    **Plaintiff,**

vs.                                                   Case No. 4:18cv67-RH/CAS

**WARDEN TERRY, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner incarcerated within the Florida Department of Corrections, has submitted to this Court a civil rights complaint pursuant to 42 U.S.C. § 1983, ECF No. 1, and a motion seeking leave to proceed in forma pauperis, ECF No. 2. Plaintiff's motion is incomplete because it is not supported by the required copies of Plaintiff's inmate bank account statement demonstrating he lacks funds with which to pay the Court's filing fee. ECF No. 2.

Nevertheless, Plaintiff's complaint has been reviewed to determine whether Plaintiff qualifies for in forma pauperis status pursuant to 28 U.S.C.

§ 1915(g).  Plaintiff lists only one case in Section IV of the complaint form which requires disclosing all prior civil cases.  ECF No. 1 at 4-6.  Plaintiff acknowledges having filed case number 3:04cv268 in the Middle District of Florida, and he admits it was dismissed for failing to state a claim.  *Id.* at 5-6.  Plaintiff signed the complaint under penalty of perjury, declaring all statements are true and correct.  *Id.* at 15.  Plaintiff's listing of cases is not correct.  Judicial notice is taken that Plaintiff previously filed case number 3:03cv934-TJC in the Middle District of Florida.  Plaintiff was required to show cause why his case should not be dismissed as abuse of the judicial process for failing to honestly disclose his prior litigation.  ECF No. 7 of that case.  Plaintiff did not do so, and his case was dismissed in late February 2004.  ECF No. 10 of that case.  Thus, Plaintiff has already suffered the consequences of failing to honestly list all cases previously filed.

Additionally, judicial notice is taken that Plaintiff has had more than one case dismissed for the reasons listed in 28 U.S.C. § 1915(e)(2)(B).[1]  Plaintiff filed case number 5:00cv97-SPM-MD in this Court.  It was

---

[1] That statute provides that the Court must dismiss a civil action or appeal which is: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

dismissed on June 8, 2000, for failing to state a claim.  ECF No. 5 of that case.  Plaintiff also filed case number 3:04cv572-UA in the Middle District of Florida.  It was dismissed as frivolous in July 2004.  ECF No. 3 of that case.  Those two dismissals, along with the dismissal of case number 3:04cv268, total three "strikes" pursuant to 28 U.S.C. § 1915(g).

Plaintiff has already been denied leave to proceed in forma pauperis based on the fact that Plaintiff has at least three "strikes" under § 1915(g).  Case number 3:06cv213-HES-TEM was dismissed in the Middle District of Florida on March 9, 2006.  ECF No. 5 of that case.  The Court noted that Plaintiff had "three qualifying dismissal and [was] not under imminent danger of serious physical injury."  Thus, his in forma pauperis motion was denied and his case was dismissed without prejudice.

The Prison Litigation Reform Act of 1995 (PLRA), which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 if he "has, on 3 or more occasions . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Accordingly, Plaintiff may not proceed in this

case with in forma pauperis status unless his complaint alleges sufficient facts showing Plaintiff "is under imminent danger of serious physical injury."

Plaintiff's complaint concerns events from August 2017 when he was located at Wakulla Correctional Institution Annex.  ECF No. 1 at 7.   None of the named Defendants are physically located with Plaintiff who is currently confined in Okeechobee Correctional Institution.  All named Defendants are either at Wakulla Correctional Institution, or in the Department of Corrections' Central Office in Tallahassee, Florida.  ECF No. 1 at 2-3.  Thus, Plaintiff's complaint does not allege facts which bring him within the "imminent danger" exception.

Because Plaintiff has had more than three prior dismissals of cases which count as "strikes," and he is not under imminent danger of serious physical injury, his motion to proceed in forma pauperis should be denied and this action should be dismissed.  Dismissal should be without prejudice to Plaintiff making the same allegations in a complaint for which he pays the full $400.00 filing fee at the time of filing the complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit).  "The prisoner

cannot simply pay the filing fee after being denied in forma pauperis status." *Id.*

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), that any other pending motions be **DENIED,** and this case be **DISMISSED without prejudice** to Plaintiff's refiling an action if he simultaneously submits the $400.00 filing fee. It is also **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on February 1, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R.**

**Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**